**ROBERTS & KEHAGIARAS LLP**
Andrew D. Kehagiaras, Esq. (State Bar No. 207767)
adk@tradeandcargo.com
One World Trade Center, Suite 2350
Long Beach, CA 90831
Telephone: (310) 642-9800
Facsimile: (310) 868-2923

Attorneys for plaintiff
BEAZLEY INSURANCE COMPANY, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| EZ LOGISTICS LLC, | Case No. 2:20-cv-05203 |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| AMERICAN EEL DEPOT CORP., | |
| Defendant. | |

COMES NOW plaintiff EZ Logistics LLC ("EZ") and alleges:

## PARTIES

1. EZ is and, at all material times was, a California limited liability company with licensing from the Federal Maritime Commission to operate as a non-vessel-operating common carrier, and located at 17409 Marquardt Avenue, Suite H, Cerritos, California 90703.

2. Defendant American Eel Depot Corp. ("American Eel") is and, at all material times was, organized and existing under the laws of a state of the United States, with an office and principal place of business at 405 Minnisink Road, Totowa, New Jersey 07512.

## JURISDICTION AND VENUE

3. This is a case of admiralty and maritime jurisdiction under 28 U.S.C. § 1333. WCI invokes the provisions of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has supplemental jurisdiction over the third cause of action, which seeks a declaratory judgment under 28 U.S.C. §§ 2201 and 2202, arising under the same case or controversy.

4. Venue is proper in this judicial district because the maritime contract at issue states in relevant part:

**20. LAWS & JURISDITION**
This contract shall be constroued [*sic*] under and governed by the law of the United States of America. At the sole option of Carrier, any suit relating in any way to this contract or the Carriage of the Goods shall be filed in or transferred to the state or federal courts in Los Angeles, California and

Merchant hereby consents to jurisdiction and venue in any such court.

## FIRST CAUSE OF ACTION
## BREACH OF MARITIME CONTRACT

5. EZ realleges and incorporates by reference paragraphs 1 through 4, inclusive, of its complaint.

6. In or about April, May and June of 2017, American Eel, as consignee and Merchant entered into certain contracts of carriage with EZ to transport six container-loads of frozen roasted eel (collectively, the "Cargo") from Fuzhou, China to New York. Attached as Exhibit "1" are copies of the contracts of carriage, Combined Transport Bills of Lading E227009369, E227009391, E227009305, E227009254, E227009253, and E227009519 (collectively, the "Contracts") and a copy of the reverse page of the Combined Transport Bills of Lading. The Cargo was transported in container numbers YMLU5335736, YMLU5384216, YMLU5350828, SZLU9862858, YMLU533970, and YMLU5349581 (collectively, the "Containers").

7. To perform the transportation of the Cargo from China to the United States, EZ contracted with vessel-operating common carrier Yang Ming Transport Corporation ("Yang Ming") to perform the ocean carriage of the Cargo and to supply the Containers.

8. The United States Fish and Wildlife Service or United States Customs and Border Protection seized the Cargo upon its arrival in the United States.

ROBERTS & KEHAGIARAS LLP
www.tradeandcargo.com

9. American Eel, as consignee and owner of the Cargo, and as Merchant under the contracts of carriage with EZ, refused to take delivery of the Cargo or to resolve the detention of the Cargo by the United States Fish and Wildlife Service or United States Customs and Border Protection.

10. American Eel unjustified refusal, in turn, caused detention and demurrage charges to accrue in the amount of $205,890.00 in favor of Yang Ming and against EZ for the detention and demurrage on the Containers.

11. Paragraph 6e of the Contracts, attached as Exhibit 1, states that Merchant American Eel is liable for container demurrage and detention, including the container demurrage and detention on the Containers:

> **6. MERCHANT'S RESPONSIBILITIES**
>
> e. Merchant shall be liable for the loss, damage, contamination, soiling detention or demurrage before, during and after the Carriage of property (including, but not limited to containers) of Carrier or any Person or vessel (other than Merchant) above caused by Merchant or any Person acting on his behalf or for which Merchant is otherwise responsible.

12. American Eel has breached the Contracts and, despite EZ's demand for payment, American Eel has refused to pay the $205,890 in accrued demurrage and detention charges on the Containers.

13. By reason of the above, American Eel is liable to pay EZ damages of not less than $205,890, exclusive of interest, costs, and attorneys' fees.

## SECOND CAUSE OF ACTION
## INDEMNITY

14. EZ alleges and incorporates by reference paragraphs 1 through 13, inclusive, of its complaint.

15. Under paragraph 6f of the Contracts, attached as Exhibit 1, American Eel has a duty to defend, indemnify, and hold EZ harmless for the container and demurrage charges that have accrued on the Containers:

> **6. MERCHANT'S RESPONSIBILITY [?]**
> f.   Merchant shall defend, indemnify and hold harmless Carrier against any loss, damage, claim, liability or expense whatsoever arising from any breach of the provisions of this Clause 6 or from any cause in connection with the Goods for which Carrier is not responsible.

16. American Eel has breached the Contracts and, despite EZ's demand to American Eel to defend, indemnify, and hold EZ harmless, American Eel has refused to pay the $205,890 in accrued demurrage and detention charges on the Containers.

17. By reason of the above, American Eel is liable to pay EZ damages of not less than $205,890, exclusive of interest, costs, and attorneys' fees.

Z:\EZ Logistics\Complaint.docx                                                                                           COMPLAINT

# THIRD CAUSE OF ACTION
# DECLARATORY JUDGMENT

18. EZ realleges and incorporates by reference paragraphs 1 through 17, inclusive, of its complaint.

19. This is an action for breach of a maritime contract, also seeking declaratory relief under 28 U.S.C. §§ 2201 and 2022.

20. An actual justiciable controversy exists between EZ and American Eel within the meaning of 28 U.S.C. § 2201 regarding whether American Eel has a duty to defend, indemnify, and hold EZ harmless under the Contracts.

21. EZ requests a speedy hearing of this declaratory judgment cause of action under Rule 57 of the Federal Rules of Civil Procedure.

22. Paragraph 6e of the Contracts, attached as Exhibit 1, states that Merchant American Eel is liable for container demurrage and detention, including the container demurrage and detention on the Containers:

**6. MERCHANT'S RESPONSIBILITIES**

e. Merchant shall be liable for the loss, damage, contamination, soiling detention or demurrage before, during and after the Carriage of property (including, but not limited to containers) of Carrier or any Person or vessel (other than Merchant) above caused by Merchant or any Person acting on his behalf or for which Merchant is otherwise responsible.

23. Under paragraph 6f of the Contracts, attached as Exhibit 1, American Eel has a duty to defend, indemnify, and hold EZ harmless for the container and demurrage charges that have accrued on the Containers:

> **6. MERCHANT'S RESPONSIBILITY [?]**
>
> f. Merchant shall defend, indemnify and hold harmless Carrier against any loss, damage, claim, liability or expense whatsoever arising from any breach of the provisions of this Clause 6 or from any cause in connection with the Goods for which Carrier is not responsible.

24. American Eel has breached the Contracts and, despite EZ's demand to American Eel to defend, indemnify, and hold EZ harmless, American Eel has refused to pay the $205,890 in accrued demurrage and detention charges on the Containers.

25. Accordingly, EZ is entitled to a judicial declaration that American Eel has the duty to defend, indemnify, and hold EZ harmless as to the $205,890 in accrued demurrage and detention charges on the Containers, exclusive of interest, costs, and attorneys' fees.

WHEREFORE, EZ prays for judgment on its complaint as follows:

1. As to the first and second causes of action, for the Court to enter judgment for EZ and against American Eel in for $205,890;

2. As to the third cause of action, for the Court to enter judgment for EZ and against American Eel declaring that it is obligated and liable to indemnity EZ for the container demurrage and detention charges that have accrued as to the Containers;

3. For the Court to award reasonable attorneys' fees, as the Contracts provide;

4. For the Court to award prejudgment interest;

5. For the Court to award costs of suit in this action; and

6. For the Court to award such other relief as the Court may deem just and proper.

Dated: June 11, 2020   ROBERTS & KEHAGIARAS LLP

          By: <u>s/Andrew D. Kehagiaras</u>
             Attorneys for plaintiff
             EZ LOGISTICS LLC